J-S62004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KYLE WALTER JONES | |
| Appellant | No. 449 MDA 2016 |

Appeal from the Judgment of Sentence March 2, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004127-2015

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

JUDGMENT ORDER BY JENKINS, J.: **FILED AUGUST 11, 2016**

Kyle Walter Jones ("Appellant") appeals from the March 2, 2016 judgment of sentence entered in the Lancaster County Court of Common Pleas following his guilty plea convictions for one count of burglary,[1] one count of conspiracy to commit burglary,[2] two counts of robbery,[3] one count of conspiracy to commit robbery,[4] two counts of unlawful restraint,[5] one

---

[1] 18 Pa.C.S. § 3502.

[2] 18 Pa.C.S. § 903.

[3] 18 Pa.C.S. § 3701.

[4] 18 Pa.C.S. § 903.

[5] 18 Pa.C.S. § 2902.

count of unlawful restraint of a minor,[6] and three counts of terroristic threats.[7] As a prefatory matter, we observe counsel has designated and filed Appellant's brief on appeal as an *Anders*[8] brief, and has filed with this Court a petition to withdraw as counsel. Pursuant to *Anders* and its Pennsylvania counterpart *Commonwealth v. Santiago*,[9] when, after a conscientious review of the record, counsel determines that there exist no non-frivolous issues for review, counsel must: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional point the appellant deems worthy of review. *Santiago*, 978 A.2d at 358-61.

Instantly, the proof of services attached to the *Anders* brief and counsel's Motion to Withdraw indicate counsel served the Lancaster County District Attorney's Office with these documents, but not Appellant. Accordingly, this Court cannot be certain whether counsel actually sent the

---

[6] 18 Pa.C.S. § 2902.

[7] 18 Pa.C.S. § 2706.

[8] *Anders v. California*, 386 U.S. 738 (1967).

[9] 978 A.2d 349 (Pa.2009).

*Anders* brief and Motion to Withdraw to Appellant, despite the fact that counsel's March 27, 2016 letter to Appellant indicates counsel did provide Appellant with copies of these filings.

Accordingly, we now order counsel, within ten (10) days of the filing of this order, to produce and file with this Court evidence of service of the *Anders* brief and Motion to Withdraw upon Appellant. Panel jurisdiction is retained.